UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DR. ROBERT L. BARRACK ET AL.                CIVIL ACTION

VERSUS                                       NO. 12-2716

PAILET, MEUNIER & LEBLANC,                   SECTION "B" (2)
L.L.P. ET AL.

## ORDER AND REASONS ON MOTION

The Barrack parties' Motion to Fix Amounts of Monetary Sanctions, Record Doc. No. 63, is currently pending before me. The Pailet parties filed a timely opposition memorandum. Record Doc. No. 75. Having considered the written submissions of the parties, the record and the applicable law, IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART as follows.

In this motion, the Barrack parties seek a total of $9,654.64, including lost income by Dr. Robert Barrack and attorneys' fees, as the monetary sanction awarded in my previous order. Record Doc. No. 54. They also seek "lodestar enhancement." Record Doc. No. 63-1 at p. 4. For the following reasons, I find that the requested amounts must be reduced and that no lodestar enhancement is appropriate. I therefore deny the motion insofar as it seeks those amounts, and instead grant the motion in the lower amounts provided herein.

I note as an initial matter that none of the $7,254.64 in lost income sought by Dr. Barrack will be awarded. That portion of my sanctions order has been vacated by the

presiding district judge, Record Doc. No. 74, rendering all parts of this motion addressing that issue moot.

As to the request for an award of reasonable attorneys fees, the lodestar method is routinely used to determine such awards in federal civil actions, and I apply it in this case in which the award is made pursuant to federal law. Fed. R. Civ. P. 37(a)(5) and (d)(3). Under the lodestar method,

> [t]he determination of a fees award is a two-step process. First the court calculates the "lodestar[,]" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in Johnson v. Georgia Highway Express, Inc.,[1] 488 F.2d 714, 717-19 (5th Cir. 1974)[, abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)].

Jimenez v. Wood Cnty., 621 F.3d 372, 379-80 (5th Cir. 2010) (citations omitted). "The lodestar may not be adjusted due to a Johnson factor, however, if the creation of the lodestar award already took that factor into account." Heidtman v. County of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing City of Burlington v. Dague, 505 U.S. 557,

---

[1] The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. Johnson, 488 F.2d at 717-19.

562 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 319-20 (5th Cir. 1993)). "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized." Abrams v. Baylor Coll. of Med., 805 F.2d 528, 535 (5th Cir. 1986) (quotation omitted); accord Phila. Indem. Ins. Co. v. SSR Hospitality, Inc., 459 F. App'x 308, 317 (5th Cir. 2012); Riley v. City of Jackson, 99 F.3d 757, 760 (5th Cir. 1996).

    Applying the foregoing standards, I find that only time incurred by attorney Thomas Henican is reasonably compensated. Henican actually defended the Barrack deposition. The involvement of a second lawyer billing at a substantially higher hourly rate in that function was unnecessarily duplicative. Henican also prepared the relevant motion papers and appeared in court for oral argument on that motion. I also find that the hourly rate of $250 per hour sought for the work of Henican, a highly competent litigator with 24 years of experience in these kinds of cases, is well within the range of rates found to be reasonable in other decisions of this court. See Thompson v. Connick, 553 F.3d 836, 868 (5th Cir. 2008)(approving hourly rates of $202 to $312 for experienced attorneys as "at the upper range of what was reasonable in the" Eastern District of Louisiana from 2003 to 2007); Ranger Steel Servs., LP v. Orleans Materials & Equip., Co., No. 10-112, 2010 WL 3488236, at *1, *3 (E.D. La. Aug. 27, 2010) (Barbier, J.) (awarding the rates charged by New Orleans co-counsel of $360 in 2009 and $395 in

2010 for highly experienced partner's work); Braud v. Transp. Serv. Co., No. 05-1898, 2010 WL 3283398, at *15 (E.D. La. Aug. 17, 2010) (Knowles, M.J.) (hourly rate of $200 for attorney with 30 years of experience is "within the low end of the range of the market rate in this area and . . . reasonable"); Combe v. Life Ins. Co., No. 06-8909, 2008 WL 544547, at *3 (E.D. La. Feb. 27, 2008) (Livaudais, J.) (awarding $250 per hour for attorneys who had practiced for more than 20 years in the relevant legal field).

As to the number of hours, the sanctionable conduct in connection with the Dr. Barrack deposition was limited to the five-hour delay in commencement of the scheduled deposition, as I have already found. Record Doc. No. 54 at p. 1. Five (5) hours of Henican's time is the appropriate number of hours to be reimbursed as to that incident. As to the failure of Kenneth Pailet and Benny Hausknecht to appear for their reasonably noticed depositions upon the instruction of their counsel, the evidence establishes that Henican spent a total of 8.4 hours in research and drafting, revising and editing all of the underlying motion papers, only part of which were necessitated by the deponents' failure to appear, and in conferring and appearing in court concerning that matter. Record Doc. Nos. 63-6 at p. 4, ¶ 12, and 70-3 at pp. 3-4. While I find these amounts reasonable for these various tasks, Henican has prudently suggested that the court reduce the hours to be compensated by 75 percent, recognizing that only about a quarter of the resulting motion practice should be attributable to the subject discovery conduct. Record Doc. No.

63-6 at p. 5, ¶ 14. This is a reasonable exercise of billing judgment.  See Walker v. U.S. Dep't of Housing & Urban Dev., 99 F.3d 761, 770 (5th Cir. 1996); Saizan v. Delta Concrete Prods. Co., 448 F.3d 795, 800 (5th Cir. 2006);  Hopwood v. Texas, 236 F.3d 256, 279 (5th Cir. 2000) (all recognizing the court's authority to reduce fee awards on a percentage basis). Accordingly, the number of hours for which reimbursement will be required for motion practice resulting from counsel's erroneous instruction to the two deponents that they should not appear will be 2.1 hours, which is reasonable.

Finally, although the Barrack parties have not specifically accounted for it in their motion papers, Record Doc. No. 63-6 at p. 4, ¶12, I find that they are also entitled to an award of reasonable attorney's fees in connection with the time spent to prepare the instant fee application.   See Riley v. City of Jackson, 99 F.3d 757, 760 (5th Cir. 1996); Cruz v. Hauck, 762 F.2d 1230, 1233-35 (5th Cir. 1985); Lewallen v. City of Beaumont, No. 1:05-CV-733-TH, 2009 WL 2175637, at *8 (E.D. Tex. July 20, 2009); Chaparral Texas, L.P. v. W. Dale Morris, Inc., No. H-06-2468, 2009 WL 455282, at *12 n.5 (S.D. Tex. Feb. 23, 2009). Abstracting from the evidence Henican has submitted concerning the related motion practice addressed above, and deducting hours attributable to the now unawardable lost income claim of Dr. Barrack, I find that an additional two hours of Henican's time should be awarded in connection with the relevant part of his work on this motion to fix the amount of the award.

Thus, the lodestar amount in this instance is $250 per hour multiplied by 9.1 hours [consisting of five (5) hours for the delay in commencement of the Barrack deposition; 2.1 hours for the portion of the original motion relating to the deponents' failure to appear; and two (2) hours for the portion of the instant motion to fix the awardable amounts attributable to attorneys fees only] for a total of $2,275.00. Applying the Johnson factors that have not already been subsumed in the lodestar calculation, I find that no enhancement of the lodestar amount is appropriate in these circumstances.

For the foregoing reasons, the law firm of Deutsch, Kerrigan & Stiles, L.L.P., and/or William E. Wright, Jr., and/or the Pailet parties must pay the Barrack parties $2,275.00 (an amount for which all three are liable in solido; i.e., for the full amount to whatever extent the others fail to pay) to reimburse the Pailet parties for reasonable fees incurred as a result of their discovery conduct.

New Orleans, Louisiana, this  27th  day of November, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE